IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEEN NEWKIRK,           )<br>          Petitioner,         )<br>                                    )<br>   v.                                  )<br>                                    )<br>FRANCISCO QUINTANA,   )<br>          Respondent.       ) | C.A. No. 08-139Erie<br><br>Magistrate Judge Baxter |

# MEMORANDUM OPINION[1]

**Magistrate Judge Susan Paradise Baxter**

Petitioner Rasheen Newkirk, a federal prisoner incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania, brought the instant petition for writ of habeas corpus, seeking the restoration of 12 days of Good Conduct Time to his federal sentence computation. Since the filing of this action, Petitioner's claim for habeas relief has become moot as his sentence has been recalculated.

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 5, 12.

The case or controversy requirement of Article III of the U.S. Constitution "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477.[2]

Since the filing of this petition, Petitioner has received the relief he requested in this petition. See Document # 17. Further, this Court directed Petitioner to show cause as to why this petition should not be dismissed for mootness and Petitioner has not responded. In these circumstances, no live controversy remains. Thus, Petitioner's claim for relief will be dismissed as moot.[3]

An appropriate Order follows.

---

[2] The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN NEWKIRK, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-139Erie |
| | ) | |
| FRANCISCO QUINTANA, | ) | Magistrate Judge Baxter |
|     Respondent. | ) | |

**O R D E R**

AND NOW, this 15th day of September, 2009;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus be dismissed as moot.  The Clerk of Courts is directed to close this case.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge